MARVIN LAWRENCE AND LORD BARONOFF APART--
MENTS, INC., Appellants, v. SOUTHWEST GAS
CORPORATION, LAWYERS TITLE OF LAS
VEGAS, INC., UTILITY FINANCIAL CORP.,
McKELLAR AND ASSOCIATES, AND CHICAGO
TITLE INSURANCE COMPANY, Respondents.

No. 7143

October 11, 1973                    514 P.2d 868

[Rehearing denied November 1, 1973]

*Charles L. Kellar,* of Las Vegas, for Appellants.

*Darrell Lincoln Clark,* of Las Vegas, for Respondents
Southwest Gas Corporation and Utility Financial Corp.

*Dickerson, Miles & Pico,* of Las Vegas, for Respondent
Lawyers Title of Las Vegas, Inc.

*George L. Albright,* of Las Vegas, for Respondents McKel-
lar and Associates and Chicago Title Insurance Company.

**OPINION**

*Per Curiam:*

Pursuant to NRCP 36(a), appellants (plaintiffs below)
were served a formal request to admit certain facts.[1] Appel-
lants served neither timely answers nor timely objections, and

---

[1]As with analogous federal provisions, NRCP 36(a) expressly
declares that each matter of which an admission is requested "is
admitted unless, within 30 days after service of the request, or within

thus they admitted facts that negatived the existence of the claims alleged in their Amended Complaint. Thereafter, without moving for permission to withdraw or amend these admissions, appellants filed a belated "Answer to Demand for Admissions," purporting to deny the matters already admitted by operation of NRCP 36. On motion, the district court granted summary judgment, from which appellants have appealed, contending that the district court "abused its discretion."

Assuming the district court had discretion to relieve appellants of their admissions, on its own motion, our review of the record satisfies us that in this case the court was justified in not doing so.

Affirmed.

such shorter or longer time as the court may allow, the party to whom a request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter," and NRCP 36(b) states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."