LORD BARONOFF APARTMENTS, INC., CORNELIA KELLAR AND CHARLES L. KELLAR, APPELLANTS, *v.* SOUTHWEST GAS CORPORATION, UTILITY FINANCIAL CORP., C. H. McCREA, DARRELL LINCOLN CLARK, McKELLAR AND ASSOCIATES, RESPONDENTS.

No. 8173

March 31, 1976          547 P.2d 686

*Darrell Lincoln Clark,* Las Vegas, for Respondent Southwest Gas Corporatiton.

*Albright & McGimsey,* Las Vegas, for Respondents McKellar and Associates.

## OPINION

*Per Curiam:*

Appellants have perfected this interlocutory appeal, as permitted under NRCP 54(b), from a district court order which (1) granted respondents' motion for summary judgment on four counterclaims; and, (2) ordered a fifth counterclaim stricken insofar as it applied to Southwest Gas Corporation and Utility Financial Corporation, and dismissed as to McKellar and Associates, for failure to state a claim upon which relief can be granted.

1. The first four (4) counterclaims involved the same issues which were previously considered and resolved against the corporate appellant, and others, in Lawrence v. Southwest Gas Corp., 89 Nev. 433, 514 P.2d 868 (1973).[1] The Kellars, who were injected into this case as "officers and stockholders" of the corporate appellant, have offered no legal theory upon which they might, either in their individual capacity or as stockholders of the corporation, have either an equal or different claim than the corporation against respondents; and, since the non-liability of respondents has already been adjudicated, all of the appellants are barred from relitigating the counterclaims under the doctrine of *res judicata.*[2]

2. The contention that the district court erred in striking and dismissing appellants' fifth counterclaim, being without merit, is also rejected. See Agran v. Isaacs, 306 F.Supp. 945 (N.D.Ill. 1969).

Affirmed.

---

[1] In addition to the *Lawrence* case and the instant appeal, appellants have attempted to relitigate the same issues in two other state court proceedings and in one instance in the federal courts.

[2] "'The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, . . .'" Lucas v. Page, 91 Nev. 493, 495, 538 P.2d 165, 166 (1975).