CHAPMAN INDUSTRIES, MYRON CHAPMAN AND AUDREY SCHLOSSBERG, APPELLANTS/CROSS-RESPONDENTS, v. UNITED INSURANCE COMPANY OF AMERICA, RESPONDENT/CROSS-APPELLANT.

No. 25372

May 19, 1994                                    874 P.2d 739

*Bible, Hoy, Trachok, Wadhams & Zive,* Reno, for Appellants/Cross-Respondents.

*Vargas & Bartlett,* Reno, for Respondent/Cross-Appellant.

---

## OPINION

*Per Curiam:*

This is an appeal and cross-appeal from the district court's findings of fact, conclusions of law and judgment in a stockholder derivative action. This is also an appeal from an order of the district court denying respondent/cross-appellant's motion for a new trial. On April 18, 1994, respondent/cross-appellant ("United") filed in this court a motion to remand this matter to the district court. On May 2, 1994, appellants and cross-respondents (collectively "Chapman") filed in this court a limited opposition to the motion for remand. For the following reasons, we grant the motion.

On January 26, 1994, the district court entered findings of fact, conclusions of law and judgment in an action concerning stock value following the merger of two corporations. On February 4, 1994, pursuant to NRCP 52(b), NRCP 59(a), NRCP 59(e), and NRCP 60(b), United filed timely motions to amend the findings

of fact and judgment, for a new trial, and for presentation of additional testimony. Also on February 4, 1994, United filed a notice of appeal from the judgment entered on January 26, 1994.

On February 16, 1994, the district court entered an order: (1) granting, in part, an additional motion filed by United to retax costs; (2) granting a motion filed by Chapman to add prejudgment interest to the judgment; and (3) granting a motion by United for a stay. On February 18, 1994, Chapman and United filed notices of appeal.

On March 3, 1994, the district court denied the motions filed by United pursuant to NRCP 52, NRCP 59, and NRCP 60 on the basis that it lacked jurisdiction in light of the parties' notices of appeal. On March 8, 1994, United filed a second amended notice of appeal. The record does not disclose, however, whether Chapman filed a timely notice of appeal following the district court's entry of its order resolving United's motions for relief under NRCP 52, NRCP 59 and NRCP 60.

United argues in its motion to remand that this matter should be remanded to the district court ''for the purpose of amending its judgment on the narrow issue of valuation of miscellaneous properties, consistent with the advisory opinion issued by the [district] court.'' Chapman does not oppose remanding this matter to the district court but does oppose United's request to limit the district court's consideration of the issues on remand.·

*The statute governing this appeal*

In their pleadings in the district court and in documents filed in this court, both parties reference NRS 78.510(5) as the governing statute concerning the filing of the notice of appeal. That statute, which was repealed in 1991, provided that:

> Any party shall have the right to appeal [from an order of the district court determining the fair cash value of stock] according to existing laws and rules of court, provided the appeal be taken within 10 days after the signing of the judgment.

1991 Nev. Stat. ch. 442, § 360, at 1318. The parties' reliance on NRS 78.510(5) is misplaced. Because NRS 78.510(5) was repealed before the district court entered a final judgment in this matter, the statute has no application to this case. ''The effect of the repeal of a statute having neither a saving clause nor a general saving statute to prescribe the governing rule for the effect of the repeal, is to destroy the effectiveness of the repealed act in futuro and to divest the right to proceed under the statute.'' Norman J. Singer, Sutherland Statutory Construction § 23.33, at 424 (5th

ed. 1993) (footnotes omitted). "Except as to proceedings past and closed, the statute is considered as if it had never existed." *Id.* The right to appeal is not a vested right; rather it is an inchoate right which is wholly derived from statute and the right no longer exists after the repeal of the statute granting the right. *Id.* § 23.35; *see also* Gary v. Sheriff, 96 Nev. 78, 605 P.2d 212 (1980); Neilson v. Perkins, 85 A. 686 (Conn. 1913); Lake Erie & W. R. Co. v. Watkins, 62 N.E. 443 (Ind. 1902).

Nonetheless, the judgment entered by the district court on January 26, 1994, was a final judgment. NRAP 3A(b)(1) provides for an appeal from a final judgment or order in a civil action. *See generally* O'Neill v. Dunn, 83 Nev. 228, 230, 427 P.2d 647, 648 (1967); Alper v. Posin, 77 Nev. 328, 330, 363 P.2d 502, 503 (1961). Thus, the repeal of NRS 78.510(5) does not foreclose an appeal from the judgment entered below on January 26, 1994. Moreover, NRAP 3A(b)(2) provides for an appeal from an order granting or refusing a new trial. Thus, the district court's order denying the motion for a new trial also constitutes an appealable determination.

## The motion to remand

NRAP 4(a) provides the time periods for filing a valid notice of appeal in civil cases. Pursuant to NRAP 4(a)(2), "[t]he running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to [NRCP 50(b), NRCP 52(b), and NRCP 59]." The full time for appeal commences to run and is to be computed from the date of service of notice of entry of a written order granting or denying a timely tolling motion.

NRAP 4(a)(2) (emphasis added) further provides:

> *A notice of appeal filed before the formal disposition of any timely post-judgment motion enumerated in this subdivision shall have no effect. A notice of appeal must be filed after the entry of a written order of the district court* resolving any of the post-judgment motions enumerated in this subdivision and no later than thirty (30) days from the date of service of written notice of entry of that order.

The timely motions filed by United pursuant to NRCP 52(b) and NRCP 59(a) and (e) tolled the running of the appeal period and rendered ineffective all the notices of appeal which were filed before the formal disposition of the timely post-judgment motions. Thus, the district court erred in concluding that it

lacked jurisdiction to entertain the timely tolling motions which were filed by United. No appeal was pending at the time the district court rendered its decision concerning the motions because, pursuant to NRAP 4(a)(2), the notices of appeal were of "no effect."

In their pleadings in the district court and in their motions in this court, the parties rely on Smith v. Emery, 109 Nev. 737, 856 P.2d 1386 (1993) and Huneycutt v. Huneycutt, 94 Nev. 79, 575 P.2d 585 (1978). According to the parties, these cases are dispositive in determining whether the district court erred in concluding that it lacked jurisdiction to entertain United's post-judgment motions and whether the district court followed the correct procedure concerning the post-judgment motions. The parties' reliance on *Smith* and *Huneycutt* is misplaced. In *Smith,* this court concluded that the district court lacked jurisdiction to grant a motion for reconsideration of its order denying a motion for a new trial after a timely notice of appeal had been filed. A motion for reconsideration is not a tolling motion pursuant to NRAP 4(a)(2). *See* Alvis v. State, Gaming Control Bd., 99 Nev. 184, 660 P.2d 980 (1983) (petition for rehearing or motion for reconsideration do not toll the time for filing a notice of appeal). In *Smith,* the filing of the motion for reconsideration did not render ineffective the notice of appeal which had been filed prior to the formal disposition of the motion for reconsideration. Thus, this court concluded in *Smith* that the district court was divested of jurisdiction by the filing of the timely notice of appeal.

In *Huneycutt,* the appellant filed a motion to remand in this court so that she could pursue a motion in the district court for relief from the judgment pursuant to NRCP 60(b) and for a new trial under NRCP 59(a). A motion for relief from the judgment pursuant to NRCP 60(b) is not a tolling motion pursuant to NRAP 4(a)(2). *See, e.g.,* Smilanich v. Bonanza Air Lines, 72 Nev. 10, 291 P.2d 1053 (1956). A timely motion made pursuant to NRCP 59(a) for a new trial, however, is a tolling motion for NRAP 4(a)(2) purposes.

*Huneycutt* was decided in 1978. In 1989, NRAP 4(a)(2) was amended to include the provision cited above which declares that a notice of appeal filed before entry of a written order of the district court resolving the post-judgment motions enumerated in NRAP 4(a)(2) is of no effect. The procedure announced in *Huneycutt* remains valid where a timely and effective notice of appeal is filed in the district court prior to the formal disposition of a motion seeking relief pursuant to NRCP 60(b) or any other

non-tolling motion that directly affects the judgment on appeal. The amendment of NRAP 4(a)(2) in 1989, however, rendered the *Huneycutt* procedure unnecessary where a timely tolling motion has been filed pursuant to NRCP 50(b), NRCP 52(b), or NRCP 59 because, in such a case, a notice of appeal filed prior to the formal resolution of the motion is "of no effect." Thus, it does not divest the district court of jurisdiction.

On March 8, 1994, United filed a valid timely notice of appeal from the judgment and from the order of the district court denying United's motion for a new trial. Thus, this court's jurisdiction has been properly invoked. Under the unique circumstances of this case, however, we conclude that a remand is warranted. In its order denying United's post-judgment motions, the district court indicated its dissatisfaction with the judgment and its desire to consider the merits of the post-judgment motions. The district court erroneously believed that it lacked jurisdiction to consider these motions. Both parties agree that this matter should be remanded to the district court for further proceedings. Accordingly, we vacate the order denying United's post-judgment motions and remand this matter to the district court for further proceedings.[1]

---

[1]This opinion constitutes our final disposition of this appeal. Any further appeals from the district court's order or orders following the remand shall be docketed in this court as a new and separate proceeding.