An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL RAY MAXWELL, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61614

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of solicitation to commit murder with the use of a deadly weapon, attempted theft, unlawful use of a controlled substance, and theft of services. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

First, appellant Michael Ray Maxwell, Jr., contends that the district court imposed a disproportionate sentence amounting to cruel and unusual punishment. We disagree. This court will not disturb a district court's sentencing determination absent an abuse of discretion. See Parrish v. State, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). It is within the district court's discretion to impose consecutive sentences, see NRS 176.035(1), and Maxwell's consecutive prison terms of 72-180 months and 40-180 months, see NRS 199.500(2); NRS 193.165(1)-(2), 24-60 months, see NRS 205.0832; NRS 193.330(1)(a)(4); NRS 193.130(2)(c), 19-48 months, see NRS 453.411(3)(a); NRS 193.130(2)(e), and 24-60 months, see NRS 205.0832(1)(f); NRS 193.130(2)(c), fall within the parameters

13-07724

provided by the relevant statutes. Further, the sentence imposed is not so unreasonably disproportionate to the gravity of the offenses as to shock the conscience. See Culverson v. State, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); see also Harmelin v. Michigan, 501 U.S. 957, 1000-01 (1991) (plurality opinion). We conclude that the district court did not abuse its discretion at sentencing.

Second, Maxwell contends that the district court erred by denying his motion to appoint alternate counsel to file a presentence motion to withdraw his guilty plea. Other than referring to an unspecified conflict, Maxwell provides no argument on appeal and fails to address the district court's denial of his motion. Therefore, we need not address the matter. See generally Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Nevertheless, our review of the record reveals that Maxwell failed to provide an adequate basis for the appointment of alternate counsel and therefore the district court did not abuse its discretion by denying his motion. See Thomas v. State, 94 Nev. 605, 607-08, 584 P.2d 674, 676 (1978); see also Garcia v. State, 121 Nev. 327, 337, 113 P.3d 836, 843 (2005) ("We review the district court's denial of a motion to substitute

counsel for an abuse of discretion."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Gibbons

_____, J.            _____, J.
Douglas                                 Saitta


cc:    Hon. Robert W. Lane, District Judge
       Michael P. Printy
       Nye County District Attorney
       Attorney General/Carson City
       Nye County Clerk

---

[1]Although we filed the fast track statement and appendix submitted by Maxwell, they fail to comply with the Nevada Rules of Appellate Procedure. Although the verification signed by Maxwell's counsel, Michael Printy, indicates that the fast track statement complies with the formatting requirements of NRAP 32(a)(4), the fast track statement is not in compliance with the rule because it is not double-spaced. Additionally, the appendix is not paginated sequentially and does not include an alphabetical index. See NRAP 3C(e)(2)(C); NRAP 30(c). We caution Mr. Printy that the future failure to comply with the rules when preparing briefs and appendices or misrepresenting compliance with the rules in the verification may result in the imposition of sanctions. See NRAP 3C(n); NRAP 28.2(b); Smith v. Emery, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).