An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROSE MCNEILL,
Appellant,
vs.
HEALTHSOUTH CORPORATION, A
NEVADA FOREIGN CORPORATION;
AND ELSY VASQUEZ, AN
INDIVIDUAL,
Respondents.

No. 58514

**FILED**

MAR 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a negligence action and from a post-judgment order denying an NRCP 60(b) motion. Eighth Judicial District Court, Clark County; Kathy A. Hardcastle, Judge.

Appellant filed a negligence action against respondents for injuries sustained by appellant from a fall. After appellant's first attorney withdrew, respondents served appellant with requests for admission to which appellant failed to timely respond. Respondents thereafter filed a motion for summary judgment based on the unanswered requests for admissions, which appellant's new counsel opposed.

At the first hearing on the motion, the district court indicated that appellant's opposition was insufficient to withstand summary judgment and that the district court was inclined to grant summary judgment. Appellant's counsel requested additional time to file a supplemental opposition, which the district court allowed. No supplemental opposition was filed, however, and the district court granted summary judgment in favor of respondents. Appellant then filed a motion

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07893

for reconsideration and for relief from the judgment under NRCP 60(b), which the district court also denied. This appeal followed.

It is undisputed that appellant did not timely respond to the requests for admissions and that no extension of time to respond was sought or obtained either from respondents or the court. Therefore, the items contained in the requests for admissions were deemed admitted by operation of NRCP 36(a). Smith v. Emery, 109 Nev. 737, 742-43, 856 P.2d 1386, 1390 (1993); Graham v. Carson-Tahoe Hospital, 91 Nev. 609, 610, 540 P.2d 105, 105-06 (1975). This court has held that admissions deemed admitted under these circumstances may properly serve as the basis for summary judgment against a party who failed to timely respond to the request for admissions. Wagner v. Carex Investigations & Sec., 93 Nev. 627, 631-32, 572 P.2d 921, 924 (1977); Lawrence v. Southwest Gas Corp., 89 Nev. 433, 433-34, 514 P.2d 868, 869 (1973). Because no genuine issues of fact remained due to appellant's admissions, we perceive no error in the district court's grant of summary judgment in respondents' favor. Wood v. Safeway, Inc., 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (explaining that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law).

We likewise perceive no abuse of discretion in the district court's denial of appellant's motion for reconsideration and for relief from the judgment. The district court has broad discretion in deciding whether to grant or deny an NRCP 60(b) motion to set aside a judgment, and this court will not disturb that decision absent an abuse of discretion. Cook v. Cook, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996). "The determination of the existence of excusable neglect is a matter within the sound

 

discretion of the district judge." <u>Ogle v. Miller</u>, 87 Nev. 573, 576, 491 P.2d 40, 42 (1971). Where conduct suggests neglect, but no attempt is made to establish that a failure resulted from excusable neglect, a district court is not bound to declare the conduct excusable neglect. <u>Tahoe Village Realty v. DeSmet</u>, 95 Nev. 131, 134, 590 P.2d 1158, 1160 (1979), <u>abrogated on other grounds by</u> <u>Ace Truck v. Kahn</u>, 103 Nev. 503, 746 P.2d 132 (1987).

Appellant's motion for reconsideration did not establish that the failure that resulted in summary judgment—either the failure of appellant to respond to the requests for admissions or of appellant's counsel to provide a supplemental opposition to respondents' motion for summary judgment—was as a result of excusable neglect. It was not an abuse of discretion, therefore, for the district court to deny the motion. <u>Tahoe Village Realty</u>, 95 Nev. at 134, 590 P.2d at 1160. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Eighth Judicial District Court, Department 4
William C. Turner, Settlement Judge
David Lee Phillips & Associates
Jimmerson Hansen
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

3