An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

REINA TEA WOOD-JIMENEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61063

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of driving under the influence. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant Reina Tea Wood-Jimenez contends that the district court erred by allowing a police officer to testify why he believed that Wood-Jimenez was in actual physical control of the vehicle because that testimony was a direct opinion of her guilt. Wood-Jimenez did not object to the testimony and we conclude she fails to demonstrate plain error warranting relief. See NRS 50.265; Gaxiola v. State, 121 Nev. 638, 648, 119 P.3d 1225, 1232 (2005) (discussing plain error standard); Cordova v. State, 116 Nev. 664, 669-670, 6 P.3d 481, 485 (2000).

Wood-Jimenez also contends that the district court's questioning of a juror during a poll of the jury did not comply with NRS 175.531 or Saletta v. State, 127 Nev. ___, ___, 254 P.3d 111, 114 (2011). Because Wood-Jimenez did not object to the method of jury polling, we review for plain error. See id.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10583

Wood-Jimenez appears to assert that the district court erred by questioning a juror after he indicated disagreement with the verdict rather than directing the jury to continue deliberating or discharging the jury. See NRS 175.531. The record before this court does not support Wood-Jimenez's assertion that the district court questioned the juror after he indicated disagreement with the verdict. Rather, the record indicates that the district court questioned the juror after he indicated agreement with the verdict. To the extent Wood-Jimenez alleges that the juror's responses to the district court's questioning indicated a clear disagreement with the guilty verdict, we conclude he fails to demonstrate plain error. See Saletta, 127 Nev. at ___, 254 P.3d at 114.

Wood-Jimenez also asserts that the district court's questioning of the juror was coercive. We conclude that Wood-Jimenez fails to demonstrate that the substance of the district court's questioning was plainly coercive. See generally id. at ___, ___, 254 P.3d at 113, 114 (jury polling methods are within the district court's discretion and will not be reversed on appeal unless the totality of the circumstances indicate that methods were coercive; "NRS 175.531 is substantially similar to" Federal Rule of Criminal Procedure 31(d)); State v. Lewis, 59 Nev. 262, 279-80, 91 P.2d 820, 826-27 (1939) (court's questioning of juror to clarify answer upon polling was not coercive); 3 Charles Alan Wright et al., Federal Practice and Procedure § 517 (4th ed. 2012) (noting that pursuant to Fed. R. Crim. P. 31(d) a "court may exercise considerable discretion if a juror equivocates on the verdict during a poll," and citing cases). Moreover, Wood-Jimenez

does not contend that the district court erred by questioning Rodriguez after his agreement with the published verdict or by accepting the unanimity of the verdict at the conclusion of the questioning. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____J.        _____, J.
Parraguirre                              Cherry

cc:     Hon. Brent T. Adams, District Judge
        Washoe County Public Defender
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[1]Although we filed the fast track appendix submitted by Wood-Jimenez, it fails to comply with the Nevada Rules of Appellate Procedure. All volumes of the appendix are not paginated sequentially and the appendix does not contain a single alphabetical index for all documents in each volume. See NRAP 3C(e)(2)(C); NRAP 30(c). We caution Wood-Jimenez's counsel, John Reese Petty, that the future failure to comply with the rules when preparing briefs and appendices may result in the imposition of sanctions. See NRAP 3C(n); Smith v. Emery, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).