# IN THE SUPREME COURT OF THE STATE OF NEVADA

EFRAIN CHAVARIN-ARREOLA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59196

**FILED**

APR 0 9 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Efrain Chavarin-Arreola's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Chavarin-Arreola contends that the district court erred by denying his petition without conducting an evidentiary hearing and by denying his claims that counsel was ineffective for failing to (1) investigate and discover information relating to the victim's mental/emotional state and her appearance for trial and (2) file a motion for a psychological examination of the victim. When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Here, although Chavarin-Arreola requested an evidentiary hearing in his briefing, during the hearing on the petition, his counsel informed the court that he wished to submit the matter and did not indicate that he desired to call any witnesses. In its order denying the petition, the district court determined that Chavarrin-Arreola failed to

13-10390

demonstrate that counsel's performance was deficient and/or prejudice. We conclude that the district court did not abuse its discretion by not conducting an evidentiary hearing and Chavarrin-Arreola fails to demonstrate that the district court erred by denying his claims. See Strickland v. Washington, 466 U.S. 668, 687, 694-96 (1984); Abbott v. State, 122 Nev. 715, 724, 727, 138 P.3d 462, 468, 470 (2006); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984).[1] Accordingly, we ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

---

[1]In relation to his claim that counsel failed to investigate the victim's mental/emotional state, for the first time on appeal Chavarin-Arreola asserts that an investigation could have uncovered the fact that police "coerced" the victim's testimony. This assertion was not considered by the district court in relation to this claim and we decline to consider it on appeal. See Davis v. State, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), overruled on other grounds by Means v. State, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

[2]Although we filed the fast track statement submitted by Chavarin-Arreola, it fails to comply with the Nevada Rules of Appellate Procedure because it does not contain 1-inch margins on all four sides. See NRAP 3C(h)(1); NRAP 32(a)(4). Counsel for Chavarin-Arreola, James Oronoz, is cautioned that the failure to comply with all applicable rules in the future may result in the imposition of sanctions. See NRAP 3C(n); Smith v. Emery, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).

cc:   Hon. Kenneth C. Cory, District Judge
Oronoz & Ericsson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A

3