An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT RAMOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62648

FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order for revocation of probation and amended judgment of conviction. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

The district court concluded that appellant Robert Ramos, convicted of attempted battery—strangulation, contacted the victim in violation of an instruction from the Division of Parole and Probation to have no contact with her and revoked his probation. Ramos asserts that the district court abused its discretion by determining that he was instructed to refrain from contacting the victim because there was no documentation indicating that he received this directive. We disagree. A probation officer testified that Ramos was specifically instructed to have no contact with the victim and Ramos stated he understood the instruction. The district court found this testimony to be credible. Further, Ramos admitted during the revocation hearing that he was aware of the Division's instruction not to contact the victim. Accordingly, this contention lacks merit. *See generally Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974) (the decision to revoke probation is within the

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27750

broad discretion of the district court, and will not be disturbed absent a clear showing of abuse).

Ramos also asserts that the district court abused its discretion by revoking his probation based on a condition "unilaterally imposed" by the Division rather than the district court. He specifically contends that the Division's imposition of the "no-contact order" without "guidance" from the district court did not comport with due process. We decline to address this contention because Ramos fails to support it with cogent argument or citation to authority. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                Saitta

---

[1]Although we filed the fast track briefs submitted by the parties, they fail to comply with the Nevada Rules of Appellate Procedure. The fast track statement does not contain 1-inch margins on all four sides, *see* NRAP 3C(h)(1); NRAP 32(a)(4), or adequate citation to the appendix, *see* NRAP 3C(e)(1)(C). The fast track response is not double-spaced. *See* NRAP 3C(h)(1); NRAP 32(a)(4). Counsel for the parties are cautioned that the failure to comply with all applicable rules in the future may result in the imposition of sanctions. *See* NRAP 3C(n); *Smith v. Emery*, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).

 

cc: Hon. Valerie Adair, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk