An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RAYMUNDO PADILLA A/K/A
GERARDO G. CEBAYOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63318

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Raymundo Padilla's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Padilla contends that the district court erred by denying his habeas petition without conducting an evidentiary hearing. Padilla claims that the district court erred by not finding that counsel were ineffective for failing to (1) adequately consult with and explain the case to him, (2) investigate his competency during the plea negotiation stage prior to the preliminary hearing, (3) seek a reinstatement of the expired plea offer after he was declared competent, and (4) pursue the motion to reweigh the controlled substances. Padilla argues that the appropriate remedy is the reinstatement of the expired plea offer. We disagree.[1]

---

[1]The fast track statement and appendix submitted by Padilla fail to comply with the Nevada Rules of Appellate Procedure. Padilla's fast track statement contains multiple assertions of fact with inadequate citation to the record, see NRAP 3C(e)(1)(C); NRAP 28(e)(1), and the appendix does not contain all of the documents required for inclusion—notably missing are the second amended criminal information, proper person habeas
*continued on next page...*

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted a hearing and counsel for Padilla informed the district court that they "attempted to contact" two witnesses, but "[o]ne is out of state so we couldn't get him here, the other one hasn't been served." Padilla, as well, was not present at the hearing. The district court heard arguments from counsel and determined that Padilla's former counsel were not deficient and that he failed to demonstrate prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996); *see also Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1408 (2011) ("Surmounting *Strickland*'s high bar is never an easy task." (quotation marks omitted) (alteration omitted)). The district court also determined that Padilla was "not entitled to an evidentiary hearing because his claims are either belied by the record or legally insufficient to warrant relief, or both." *See generally Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984). We conclude that Padilla

---

*...continued*

petition, supplemental habeas petition submitted by counsel, and the State's multiple oppositions, all filed in the district court, *see* NRAP 30(b)(2). Counsel for Padilla is cautioned that the failure to comply with the briefing and appendix requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n); *Smith v. Emery*, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).

fails to demonstrate that the district court erred by rejecting his ineffective-assistance claims. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. Douglas Smith, District Judge
     The Law Office of Dan M. Winder, P.C.
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk