An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY JACKSON A/K/A ANTHONY
CORNELL ALEXANDER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64187

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted battery constituting domestic violence. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Anthony Jackson contends that the district court abused its discretion by imposing a sentence constituting cruel and unusual punishment. We disagree.

This court will not disturb a district court's sentencing determination absent an abuse of discretion. *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Jackson has not alleged that the district court relied solely on impalpable or highly suspect evidence or that the sentencing statutes are unconstitutional. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 489-90 (2009). Jackson's prison term of 12-34 months falls within the parameters provided by the relevant statutes, *see* NRS 193.130(2)(d); NRS 193.330(1)(a)(4); NRS 200.485(1)(c), and the sentence imposed is not so unreasonably disproportionate to the gravity of the offense as to shock the conscience, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Harmelin v. Michigan*, 501 U.S.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11427

957, 1000-01 (1991) (plurality opinion). We conclude that the district court did not abuse its discretion at sentencing, and we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Kathleen E. Delaney, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]The fast track statement submitted by Jackson fails to comply with the Nevada Rules of Appellate Procedure because the fact section does not contain any citations to the record. *See* NRAP 3C(e)(1)(C); NRAP 28(e)(1). Counsel for Jackson is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n); *Smith v. Emery*, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).