BOBBY MORRIS, APPELLANT, v. IMPERIAL MORTGAGE COMPANY, A NEVADA CORPORATION; TUSA REALTY, A NEVADA CORPORATION; EDWARD DEVRIES; FRANCINE PULLIAM; MIRIAM KIRSCHNER, VINCENT FELGAR; FIRST AMERICAN TITLE COMPANY OF NEVADA, A NEVADA CORPORATION; FRED NIELSEN FAMILY TRUST, RESPONDENTS.

BOBBY MORRIS, APPELLANT, v. NIELSEN FAMILY TRUST, RESPONDENT.

No. 15068

June 20, 1985                                        701 P.2d 741

*George E. Graziadei* and *Scott M. Cantor,* Las Vegas, for Appellant.

*Albright, McGimsey & Stoddard* and *Deaner & Deaner,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant sued respondents, alleging they made false representations upon which he relied about the financial ability and professional status of Lita Grossman, a prospective purchaser of his home. In addition, appellant claims that respondents conspired to induce him to sell to Grossman by concealing and misrepresenting important facts. From judgment in favor of respondents, appellant has appealed.

Appellant first contends there was insufficient evidence to sustain the trial court's ruling. We do not agree. Where there is

conflict in the evidence, the trial court's ruling will not be disturbed if there is substantial evidence to support that ruling. Udevco, Inc. v. Wagner, 100 Nev. 185, 188-189, 678 P.2d 679 (1984).

Appellant asserted that he relied on respondents' representations that Grossman was a doctor by profession and financially able to buy his home. We find there was credible evidence to indicate, however: (1) that appellant knew the buyer's earnest money deposit check had not cleared; (2) that prior to close of escrow, appellant's own lawyers told him that the buyer was financially unreliable and that he should not sell; (3) that before escrow closed, buyer defaulted on an agreement to purchase personal property from appellant; (4) that the buyer also defaulted in payment of rent to appellant prior to close of escrow; (5) that respondent Pulliam told appellant prior to close of escrow that Grossman was not a doctor. In view of the foregoing, appellant's contention that there was insufficient evidence to sustain the trial court's ruling is without merit.

Appellant next contends that pursuant to NRS 645B.100(1)(f), respondent Imperial Mortgage Company was required to disclose to appellant the terms and conditions of the secondary financing. We disagree.

NRS 645B.100, in pertinent part, provides:

> 1. Grounds for refusing to license any person as a mortgage company and grounds for suspending any license are that the applicant or licensee:
> (f) Has made any misrepresentations or false statement to, or concealed any essential or material fact from, any person in the course of his business;

A reasonable interpretation of this statute mandated that the mortgage company refrain from misrepresenting or concealing material facts from any person in the course of the mortgage company business. Appellant was not such a person. The statute cited imposed no duty upon respondent Imperial Mortgage Company to seek out appellant who was not a party to the loan and inform him of the terms of the secondary financing. The record is also barren of any credible evidence showing a conspiracy among the respondents to conceal or misrepresent the secondary financing.

Furthermore, the escrow instructions signed by appellant put him on notice of secondary financing. He made no effort to

determine the conditions of the secondary financing after learning of its existence.

Finally, appellant contends that the trial court erred in refusing to amend the findings of fact and conclusions of law. This contention is without merit. Appellant's motion sought a redetermination of factual issues more appropriately raised by a motion for rehearing. As such, the Court acted properly in refusing to amend the findings of fact or conclusions of law. *See* In re Herrmann, 100 Nev. 1, 20 n. 16, 677 P.2d 594 (1984). Moreover, the findings were supported by substantial evidence.

Appellant's remaining assignments of error are without merit. Accordingly, we affirm the trial judge's determination.