PANDELIS CONSTRUCTION CO., INC., Appellant/Cross-Respondent, *v.* JONES-VIKING ASSOCIATES, a Nevada Partnership; JOHN BOWERS, Respondents/Cross-Appellants.

No. 17210

March 31, 1987                    734 P.2d 1236

*Deaner & Deaner,* Las Vegas for Appellant/Cross-Respondent.

*Hardy & Hardy,* Las Vegas, for Respondents/Cross-Appellants.

## OPINION

*Per Curiam:*

In mid-1980, appellant Pandelis Construction Company ("Pandelis") agreed to construct a medical building for respondents Jones-Viking Associates, *et al.* ("Jones-Viking"). Pandelis was to receive, in addition to a fee, half of any savings below a guaranteed maximum cost of 1.2 million dollars. After completion of the project, the parties disagreed as to whether there had been savings. Pandelis sued to recover what it claimed was due. The trial court found that there had been no savings, and entered judgment in favor of Jones-Viking. However, the court refused to award Jones-Viking attorney's fees. All parties appeal.

Pandelis first asserts that the trial court erred in finding there had been no savings. Findings of fact are reversible only if clearly erroneous, NRCP 52(a); they must be upheld if supported by any substantial evidence, Morris v. Imperial Mortgage Co., 101 Nev. 266, 267-68, 701 P.2d 741, 742 (1985). There was testimony to the effect that the building cost over 1.5 million dollars. There was further testimony that, even disregarding certain expenses in excess of the amount of the construction loan,[1] the cost of the building exceeded the contractual maximum. Pandelis argues that this testimony did not consider "extras;" the record reads to the contrary, and in any event there was no evidence of extras which would, if deducted, reduce the cost of the building to under 1.2 million dollars. Pandelis also claims the trial court should have believed its witness rather than the testimony presented on behalf of Jones-Viking. However, Nevada law does not provide for reversal of a finding of fact on that basis where the testimony in support of the finding constitutes substantial evidence.

We also perceive no error by the court in refusing to allow a lay witness to testify as to the types of expenditures that would constitute extras under the contract. *See* NRS 50.265.[2]

---

[1]The excess was paid by Jones-Viking; there is no indication why the witness who gave these figures disregarded that excess.

[2]The trial court made its ruling on the correct basis despite the fact that the parties' arguments centered on an inapplicable doctrine. Jones-Viking insisted the contract provided unambiguously that there could be no extras, so that the parol evidence rule barred testimony to the contrary. That

As a final assignment of error, Pandelis notes that the court admitted certain summaries of financial documents but said they were admitted not as evidence, but only as statements of the builder's position. Under NRS 52.275, the contents of "voluminous writings" may be presented "in the form of a chart, summary or calculation" if the writings themselves "cannot conveniently be examined in court." We are at a loss to explain how something properly admitted under a rule of evidence could not be evidence. *See* United States v. Smyth, 556 F.2d 1179, *reh'g denied,* 557 F.2d 823 (5th Cir.), *cert. denied,* 434 U.S. 862 (1977). However, any technical distinction is of no practical importance in this instance. The court allowed the builder's witness to present testimony to the same effect as the contents of the summaries, and he weighed that testimony as evidence in reaching his decision. There was no prejudice; it follows that there can be no reversal. NRCP 61. Accordingly, we affirm the judgment.

Under its cross-appeal, Jones-Viking contends that the trial court erred in denying its request, pursuant to NRS 18.010,[3] for

---

argument was utterly meritless, for two reasons. First, the contract provided for "extras" or "changes in the work" in several locations. Second, any changes necessarily would postdate the agreement, and so would fall outside the scope of the parol evidence rule. Silver Dollar Club v. Cosgriff Neon, 80 Nev. 108, 389 P.2d 923 (1964).

[3]The statute was amended between the initiation of this lawsuit and entry of judgment. We note that the version in effect at entry of judgment is controlling. Farmers Home Mutual Ins. v. Fiscus, 102 Nev. 371, 725 P.2d 234 (1986).

Jones-Viking also asserts that the contract created an entitlement to attorney's fees. That is incorrect. The contract contained the following provision:

> In the event that Owner must utilize any legal proceeding or arbitration proceeding to enforce any provision of this Agreement, upon prevailing in such action, Owner shall be entitled, in addition to such other relief as may be available, to a reasonable sum as and for his attorney's fees and costs therein.

By its terms, this provision applied only if Jones-Viking was forced to sue to enforce the contract. In this case it was Pandelis, the contractor, who sued. Jones-Viking argues, citing no authority, that it would be unfair to apply the terms of this provision literally, and thus unilaterally. However, Jones-Viking undoubtedly is responsible for this clause, and we are not unaccustomed to holding draftsmen to the consequences of their choice of words. Caldwell v. Consolidated Realty, 99 Nev. 635, 638, 668 P.2d 284, 286 (1983). Further, this court has ruled that a provision for attorney's fees which by its terms applies to only one of the parties does not supersede NRS 18.010. Trustees, Carpenters v. Better Building Co., 101 Nev. 742, 747, 710 P.2d 1379, 1382 (1985). Thus the statute, not the contract, governs any award of fees in the case at bar.

attorney's fees. The court entered its denial without comment. In Lyon v. Walker Boudwin Constr. Co., 88 Nev. 646, 503 P.2d 1219 (1972), we held that it constitutes an abuse of discretion for a court to give no reason for its refusal to award fees. The result in *Lyon* must obtain here; although the judgment is affirmed, the cause is remanded with directions either to award attorney's fees or to state reasons for refusing to do so.