FARMERS INSURANCE EXCHANGE, DBA FARMERS INSURANCE GROUP, APPELLANT, *v.* GENE PICKERING, RESPONDENT.

No. 18384

December 6, 1988                    765 P.2d 181

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Appellant.

*Burris & Thomas,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*[1]

Appellant Farmers Insurance Exchange (Farmers) issued to respondent Pickering three separate policies of automobile insurance. Each policy provided $10,000 in medical benefits. Pickering was later involved in an automobile accident and incurred medical bills of more than $30,000. When Pickering attempted to recover medical benefits under all three of his insurance policies, Farmers conceded coverage under only one of the policies.

Pickering sued Farmers to recover the medical benefits under the remaining two policies of insurance, and the district court ultimately entered a judgment against Farmers in the amount of $20,000. This court later affirmed the judgment of the district court in an unpublished order. Pickering then filed in the district court a motion for attorney's fees pursuant to NRS 18.010. The district court granted the motion, and awarded Pickering an additional $5,000 in attorney's fees. This appeal followed.

Farmers first contends that Pickering's motion for attorney's

---

[1]This appeal was previously dismissed in an unpublished order of this court. Pursuant to a request, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order dismissing this appeal filed October 13, 1988.

fees, which was made one month after this court affirmed the judgment awarding Pickering insurance benefits, was untimely. We disagree. NRS 18.010 provides no time limits for motions for attorney's fees. Absent a specific statutory provision governing the time frame in which a party must request attorney's fees, the timeliness of such requests, we conclude, is a matter left to the discretion of the trial court. *See* White v. New Hampshire Department of Employment Security, 455 U.S. 445, 454 (1982); White v. Kaufman, 652 P.2d 127, 129 (Ariz. 1982). We decline to apply the ten day time limit under NRCP 59(e) for motions to amend judgments to fee requests made pursuant to NRS 18.010. As the Court noted in White v. New Hampshire Department of Employment Security, "we do not think that application of Rule 59(e) to [attorney's] fee requests is either necessary or desirable to promote finality, judicial economy, or fairness." 455 U.S. at 452. The trial court's discretionary power to deny fee requests is a sufficient protection against "a post-judgment motion [which] unfairly surprises or prejudices the affected party." *Id.* at 454. In the present case, Pickering was diligent in seeking fees. His request was made immediately upon completion of the appellate process—as soon as he was assured that he was the prevailing party within the meaning of NRS 18.010(2). Further, Farmers has neither alleged nor demonstrated that Pickering's request for fees following the appeal prejudiced or unfairly surprised appellant. Absent such a showing, we conclude that the district court did not abuse its discretion in finding the request to be timely.

Farmers next contends that the district court abused its discretion in awarding the fees. Specifically, Farmers argues that the court failed to set forth sufficient reasons in support of its award. We disagree. The court found that Pickering was a "prevailing party" and had not recovered more than $20,000 within the meaning of NRS 18.010. The court also found that "under the circumstances, [there is] no reason why [Pickering] should not be awarded attorney's fees." Given the discretionary nature of the award, these findings and conclusions are sufficient reasons to grant the award and do not reveal a clear abuse of discretion. Further, contrary to Farmers' contention, the court's recognition, in its written findings, that the award of fees under NRS 18.010 is discretionary reveals that the district court exercised its discretion. Based on our review of the record, we conclude that the district court did not abuse its discretion in awarding fees under the circumstances of this case. *See* Lyon v. Walker Boudwin Construction Co., 88 Nev. 646, 503 P.2d 1219 (1972). Consequently, we decline to disturb this award.

Farmers' remaining contentions have been considered and are without merit. Accordingly, we affirm the decision of the district court.[2]

___

[2]The Honorable E. M. Gunderson, Chief Justice, did not participate in the decision of this appeal.