LORETTA CARR-BRICKEN, Appellant, *v.* FIRST INTER-STATE BANK OF NEVADA, SPECIAL ADMINISTRA-TOR OF THE ESTATE OF JULES BRICKEN, DECEASED, Respondent.

No. 19434

September 28, 1989                    779 P.2d 967

*Feldman, Shaw & DeVore,* Zephyr Cove, for Appellant.

*Thomas Perkins,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from court orders denying various motions by appellant and granting respondent's motion to terminate appel-

lant's temporary support and motion for summary judgment on respondent's counterclaim for declaratory relief.

Appellant Loretta Carr-Bricken and Jules Bricken cohabited from late 1979 until they were married in 1985. Appellant filed for divorce on October 6, 1986. While the divorce proceedings were pending, Jules Bricken died and was replaced as defendant by respondent First Interstate Bank of Nevada as Special Administrator of the Estate of Jules Bricken. Loretta Carr-Bricken appeals from district court orders terminating her temporary support, denying her motion for *pendente lite* alimony, attorney's fees and costs, striking her peremptory challenge of Judge Fondi, denying her motion to disqualify Judge Fondi, and from entry of summary judgment on Jules Bricken's counterclaim for declaratory relief. We reverse the district court's grant of summary judgment and affirm in all other respects.

## ▰▰ ▰

Appellant first contends that the district court committed reversible error in its order granting Jules Bricken's motion to terminate appellant's temporary support. Appellant argues that the motion was defective because not supported by affidavits. Indeed, the motion was technically defective because it was not supported by affidavits as required by DCR 13(5)-(6) and FJDCR 13(a). Nevertheless, we hold that the copy of appellant's property settlement agreement with her first husband, which was attached to the motion and the authenticity of which was not challenged, substantially satisfies the affidavit requirement.

## ▰▰▰ ▰ ▰

Appellant's second assignment of error is a continuation of her first. Appellant contends that the district court erred by denying her motion for *pendente lite* alimony, attorney's fees and costs. Orders for support *pendente lite* may be granted in the discretion of the district court. NRS 125.040(1); Kapp v. District Court, 31 Nev. 444, 453, 103 P. 235, 239 (1909). Findings of fact are reversible only if clearly erroneous; they must be upheld if supported by any substantial evidence. Pandelis Constr. Co. v. Jones-Viking Assoc., 103 Nev. 129, 130, 734 P.2d 1236, 1237 (1987). Appellant's property settlement agreement with her first husband was before the court. The agreement showed that appellant was not without assets and that, at the hearing regarding appellant's original motion for support *pendente lite,* the district court found that appellant had overstated the amount of alimony she had been receiving from her first husband. We hold that, combined with testimony taken at the hearing, the property settlement agreement referred to above constitutes substantial evidence

to support the discretionary decision to terminate support *pendente lite.*

Appellant next contends that the district court erred by granting respondent's motion to strike appellant's peremptory challenge to Judge Fondi. On September 25, 1987, respondent moved to strike appellant's peremptory challenge. Appellant was entitled to at least ten days to file a response to the motion. *See* DCR 13(3). Therefore, the district court erred by granting respondent's motion to strike only five days later, on September 30, 1987, before appellant responded to the motion. We hold, however, that this error was harmless. No error in any court order is ground for disturbing the order, unless refusal to disturb the order denies a party substantial justice. NRCP 61. Peremptory challenges to a judge in a civil action must be filed at least three days before the date set for the hearing of any contested pretrial matter arising from that action. SCR 48.1(3). Failure to file a timely peremptory challenge to a judge results in waiver of that right. Jeannes v. District Court, 97 Nev. 218, 220, 626 P.2d 272, 274 (1981). Since appellant filed her peremptory challenge long after hearings of several contested pretrial matters in this case, her right to a peremptory challenge had been waived as a matter of law. For this reason, the court's error did not deny appellant substantial justice.

Appellant's argument that respondent's June 22, 1987 counterclaim was a separate "action" which renewed the period for filing the peremptory challenge under SCR 48.1 is without merit for two reasons. First, the Nevada case cited as support by appellant is inapposite; the case merely authorized a peremptory challenge to a judge by an intervening party, who, unlike appellant, was new to the action. *See* Moore v. District Court, 77 Nev. 357, 364 P.2d 1073 (1961). Second, allowing a plaintiff to file a peremptory challenge after the filing of any counterclaim would give a plaintiff the opportunity to disqualify the district judge simply because he has made previous unfavorable rulings. This practice undermines the primary purpose of counterclaims: to permit efficient settlement of all disputes in a single suit. *See* Friedenthal, Kane & Miller, *Civil Procedure* Sec. 6.7 (1985) (counterclaim promotes policy of settling all disputes between two parties as expeditiously and economically as possible).

Appellant also assigns as error District Court Judge Griffin's denial of her motion to disqualify Judge Fondi. Findings of fact

are reversible only if not supported by any substantial evidence. *Pandelis,* 103 Nev. at 130, 734 P.2d at 1237. Judge Fondi's testimony that he bore no animus to appellant and that he delayed deciding one of appellant's motions because he had assumed a "double load" of cases constitute substantial evidence to support Judge Griffin's finding of lack of prejudice.

Appellant's final assignment of error is meritorious. In his counterclaim, Mr. Bricken sought a declaratory judgment that appellant had acquired no property rights in his assets during the couple's pre-marital cohabitation. Mr. Bricken brought a motion for summary judgment on the counterclaim. Appellant correctly contends that the district court's granting of summary judgment in favor of respondent was erroneous because of the existence of a triable question of fact. Where the slightest doubt as to facts exists, a litigant has a right to trial and summary judgment should not be granted. Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 623, 668 P.2d 1075, 1079 (1983). In evaluating the propriety of a grant of summary judgment, we will review the evidence in the light most favorable to the party against whom the summary judgment was rendered. *Id.* Mr. Bricken denied that any implied-in-fact contract of support existed between the couple before marriage. However, in paragraph (c) of her affidavit in opposition to summary judgment, appellant specifically alleges that, before the couple married, Mr. Bricken promised to support appellant for the rest of her life. Indeed, Mr. Bricken admitted to having made this promise. Paragraphs (d)-(f) of the affidavit contain detailed allegations of Mr. Bricken's several references to "our" property, including to a business Mr. Bricken had acquired before he met appellant. In paragraph (i), appellant states that she assumed primary responsibility for Mr. Bricken and their home, perhaps in exchange for Mr. Bricken's promises. Reviewed in the light most favorable to appellant, these facts indicate that more than a slight doubt exists as to whether the implied-in-fact contract existed. Accordingly, the court's grant of summary judgment was in error.

For the reasons stated above, we reverse the district court's grant of summary judgment and remand the case for trial on respondent's counterclaim. We affirm the district court orders in all other respects.