GAIL NELSON AND CHUAN LIU, Appellants, v.
PECKHAM PLAZA PARTNERSHIPS, Respondent.

No. 23395

January 12, 1994 866 P.2d 1138

*Beasley, Holden & Brooks,* Reno, for Appellants.

*McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks* and *Matthew C. Addison,* Reno, for Respondent.

## OPINION

By the Court, SHEARING, J.:

Appellants Gail Nelson and Chuan Liu leased property from respondent Peckham Plaza Partnerships ("Peckham"), and operated a Mongolian Barbecue restaurant ("Panda") on the premises. After five years, the lease expired and Panda vacated the premises and removed some of its equipment. Peckham was not satisfied with the condition of the property as it was left by Panda, and incurred expenses in repairing and restoring the property.

The district court awarded Peckham damages and attorneys' fees based on Panda's negligent removal of the equipment and on the damaged condition of the property beyond the contractual allowance of "ordinary wear and tear." Panda contends that the district court did not base its conclusions of fact on substantial evidence. We disagree.

Panda first argues that the trial judge erred in awarding Peckham damages in the amount of $7,939.50 for the removal and replacement of the entire vinyl floor covering when only a small portion of it was damaged. When a party negligently damages the property of another, damage awards should be designed to compensate the injured party in full measure for the total harm proximately caused by the defendant's breach of duty. Martinez v. City of Cheyenne, 791 P.2d 949, 959 (Wyo. 1990).

The flooring in the premises consisted of 1,250 square feet of black and white one-by-one vinyl tiles, 1,250 square feet of sheet vinyl, and approximately 750 square feet of carpeting. The trial judge found that Panda was negligent in damaging the vinyl flooring when it removed its trade fixtures.

The trial judge heard evidence on whether only the damaged areas of the vinyl flooring could be replaced instead of the whole vinyl floor. Expert witnesses testified that because the existing vinyl tiles and sheet vinyl were worn, replacing only the damaged tiles with new tiles would result in an inconsistent floor pattern. Panda's own expert admitted that replacing only the damaged tiles would not result in a match. Furthermore, the trial judge heard testimony that the removal and replacement of the damaged sections of the sheet vinyl would result in seams in the flooring which would collect water and be easily noticeable. In essence, there were three separate areas of damage, two different kinds of flooring and the difficult task of matching replacements of each type.

The trial judge concluded that the only way Panda could repair the damage caused by its negligence was by removing and replacing all of the vinyl tiles. If Panda had not negligently damaged the vinyl flooring, it would not have been required to replace the flooring because it was only contractually required to vacate the premises in good condition, ordinary wear and tear excepted. However, in light of Panda's negligence, the trial judge's finding that Peckham could only be compensated in full through the replacement of the entire vinyl flooring was not erroneous.

Panda also argues that it was error for the trial judge to award Peckham $4,950 to cover the costs of repairing and cleaning the premises. After Panda surrendered the premises, Peckham hired Comstock Maintenance to repair and clean the premises. Comstock Maintenance charged Peckham $5,000 for completing the work; however, the district court only awarded Peckham $4,950, finding that $50 of the $5,000 was incurred in repairing damages which Peckham had the obligation to repair under the lease. Panda asserts that the district court erred in its award of $4,950 because most of the damage was due to ordinary wear and tear.

The district court's findings of fact will not be set aside unless those findings are clearly erroneous. Hermann Trust v. Varco-Pruden Buildings, 106 Nev. 564, 566, 796 P.2d 590, 591-92 (1990). Accordingly, if the district court's findings are supported by substantial evidence, they will be upheld. Pandelis Constr. Co. v. Jones-Viking Assoc., 103 Nev. 129, 130, 734 P.2d 1236, 1237 (1987). Testimony and pictures presented at trial demonstrated that the damage and "filth" left behind by Panda went well beyond ordinary wear and tear. We therefore conclude that the district court's findings were supported by substantial evidence and were not erroneous.

Finally, Panda argues that the district court erred in awarding Peckham $9,037.50 in attorney's fees. Unless there is a manifest abuse of discretion, a district court's award of attorney's fees will not be overturned on appeal. County of Clark v. Blanchard Constr. Co., 98 Nev. 488, 492, 653 P.2d 1217, 1220 (1982). In the case at bar, the lease agreement provided that if a suit is brought to enforce any covenant of the lease or for any breach of any covenant or condition of the lease, the prevailing party is entitled to its reasonable attorney's fees and costs. The district court did not abuse its discretion in applying the attorney's fees provision of the lease and awarding Peckham, the prevailing party, reasonable attorney's fees and costs.

We affirm the district court's judgment.[1]

STEFFEN, J., and ZENOFF, Sr. J., concur.

YOUNG, J., with whom ROSE, C. J., joins, dissenting:

I dissent because the measure of damages, in my view, is palpably unfair to Panda and deviates from generally accepted principles of damages.

Panda paid approximately $210,000 for rent to Peckham over five years. Peckham knew that Panda would be using the premises as a restaurant and would operate a Mongolian barbecue in its operation. The lease, which Peckham—a sophisticated business partnership—prepared, provided that Panda would return the premises in good condition, ordinary wear and tear excepted.

Of 1,250 floor tiles, Panda damaged only twenty, i.e., less than two percent of the surface. The district court's award, however, held Panda responsible for all 1,250 tiles. Assuming for sake of argument that Panda's negligence caused the damage, I cannot agree that Peckham is entitled to a completely new floor at Panda's expense.

The majority declares that because Panda was negligent in allowing twenty tiles to become scorched by the barbecue, Peckham must be compensated in full for the cost of a totally new floor. I disagree. Assuming arguendo that Panda was negligent with regard to twenty tiles, Panda did not damage Peckham to the extent of 1,250 tiles. Rather, Panda's culpability extends to a fraction of the 1,250 tiles—less than two percent.

The measure of damages for breach of the lessee's covenant to surrender the premises in a particular condition is generally the cost of putting the premises in the condition in which it should

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was appointed to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice.

have been surrendered. *See* 51C C.J.S. *Landlord & Tenant* § 416 (1968) and cases cited therein. In this instance, Panda should have returned the floor in "good" condition; *that is, "good" for a five-year-old floor.* Indeed, Peckham expected—and agreed—that upon return of the premises, the flooring would be marred by five years of normal wear and tear. Certainly Peckham could not reasonably expect to regain possession of the premises with a brand new floor made up of 1,250 new tiles! Thus, contrary to the majority opinion, Peckham is not entitled to a new floor, but rather a floor five years worn.

Peckham is entitled to damages for the twenty damaged tiles. Alternatively, Peckham is entitled to receive from Panda damages measured by the difference in value between a five-year-old floor with twenty damaged tiles and a five-year-old floor with no damaged tiles. Unfortunately, Panda cannot return a five-year-old floor in "good" condition to Peckham. That fact, however, does not require Panda to return to Peckham an entirely new floor. The majority's holding smacks of punitive damages, and I cannot agree.