LUIS DAVIDSOHN, Appellant, v. BARBARA STEFFENS, as Executrix of THE ESTATE OF HELEN DOYLE, Deceased, Respondent.

No. 25704

February 29, 1996                    911 P.2d 855

*Dickerson, Dickerson, Lieberman & Consul* and *Douglass A. Mitchell,* Las Vegas, for Appellant.

*Lionel Sawyer & Collins,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

Appellant Luis Davidsohn sued for declaratory relief to terminate a lease with his tenant, respondent Helen Doyle.[1] The district court granted summary judgment in favor of Doyle but denied Doyle's later motion to amend the judgment to award attorney's fees. On appeal, this court reversed the summary judgment and remanded for further proceedings.

After a bench trial, Davidsohn's complaint was dismissed, and Doyle was awarded costs. Counsel for both parties discussed Davidsohn's forgoing his right to appeal in exchange for Doyle's forgoing her right to seek attorney's fees. Doyle's attorney later denied that an agreement was reached. However, for more than three months after entry of the district court's judgment, Doyle did not request attorney's fees, and Davidsohn did not appeal the judgment. By the time Doyle filed a request for fees, the deadline for appealing the judgment had passed, and the trial judge had died. A visiting district judge granted Doyle's request and ordered Davidsohn to pay attorney's fees in the sum of $98,077.00.

Davidsohn appealed from this order as well as the earlier judgment. This court dismissed the appeal as untimely except in regard to the order awarding attorney's fees. Davidsohn claims that Doyle unreasonably waited to request fees until after the deadline for filing an appeal had passed and that he was prejudiced as a result. We agree and reverse the order awarding attorney's fees.

### FACTS

Appellant Davidsohn leased land and commercial warehouses

---

[1]The executrix of Doyle's estate is the respondent in this case, but this opinion will refer to the respondent as Doyle.

to respondent Doyle. The lease required Doyle to keep the leased premises in good condition and allowed Davidsohn to re-enter the property and terminate the lease upon breach by Doyle. Davidsohn filed for declaratory relief in May 1988 to terminate the lease, alleging that the property was in disrepair.

Both parties moved for summary judgment, and the district court, Judge Thomas A. Foley presiding, granted Doyle's motion. Each party was directed to bear its own fees and costs. Doyle moved to amend the judgment to allow her attorney's fees of $36,917.36. Judge Foley denied the motion. This court reversed the summary judgment. Davidsohn v. Doyle, 108 Nev. 145, 825 P.2d 1227 (1992). Upon remand, a bench trial was held in September 1993. Judge Foley decided in Doyle's favor, ordering dismissal of Davidsohn's complaint and payment of costs in the amount of $3,191.70. He did not order payment of attorney's fees.

Over three months later, on January 20, 1994, Doyle moved for attorney's fees totaling $98,077.00. In the meantime, Judge Foley had died. Davidsohn opposed the motion. His counsel stated in an affidavit:

> On or about October 20, 1993, I had a telephone discussion with Defendant's attorney . . . wherein we agreed that my client would forego his right to appeal the judgment entered in this case in exchange for Defendant's forbearance from claiming attorney's fees as the prevailing party; in reliance of this agreement, Plaintiff did not appeal the final judgment . . . .

In an affidavit, Doyle's counsel gave a different version of the phone conversation:

> [Davidsohn's counsel] wanted to know whether Mrs. Doyle would seek attorneys' fees because that could affect whether or not his client would take an appeal. I told him my client would be willing to enter into an agreement not to seek attorneys' fees in exchange for plaintiff's agreement not to appeal and he said that he would get back to me after talking to his client . . . .

Doyle's counsel alleged that Davidsohn's counsel never phoned him back. He also alleged that he phoned Davidsohn's counsel on January 13, 1994, and reminded him that Davidsohn had not yet paid costs and that no agreement had been reached regarding seeking attorney's fees. Doyle's counsel sent Davidsohn's counsel a letter that same day, which stated that if Doyle did not pay costs, "I will proceed to obtain attorneys' fees, there having been no agreement between us that I would not seek such fees."

On February 23, 1994, visiting District Judge James Brennan heard argument on the motion for attorney's fees, and the next

day he entered an order awarding Doyle the full sum of $98,077.00 as fees.

## DISCUSSION

This court must decide whether Doyle's delay in seeking attorney's fees was unreasonable, whether Davidsohn was prejudiced by the delay, and whether the district court abused its discretion in awarding fees. Doyle filed her request for attorney's fees more than three months after entry of judgment and more than two months after the deadline for an appeal of the judgment had passed. A party in a civil action must file a notice of appeal "no later than thirty (30) days after the date of service of written notice of the entry of the judgment or order appealed from." NRAP 4(a)(1). Davidsohn did not appeal the judgment against him until Doyle requested an award of fees; consequently, this court dismissed the major part of his appeal, which related to that judgment.

Absent a manifest abuse of discretion, this court will not overturn a district court's award of attorney's fees. Nelson v. Peckham Plaza Partnerships, 110 Nev. 23, 26, 866 P.2d 1138, 1139-40 (1994). Whether a request for attorney's fees is timely is a determination left to the discretion of the trial court. Farmers Ins. Exchange v. Pickering, 104 Nev. 660, 662, 765 P.2d 181, 182 (1988). The discretionary power to deny such requests is sufficient protection against post-judgment motions which unfairly surprise or prejudice a party. *Id.* In *Pickering,* this court concluded that a plaintiff was diligent in seeking fees where "[h]is request was made immediately upon completion of the appellate process—as soon as he was assured that he was the prevailing party." *Id.*

A motion for attorney's fees should be made reasonably promptly after entry of judgment because a losing party may decide whether to appeal based on the amount of an award of attorney's fees against it. Pruitt v. State, Dept. of Public Safety, 825 P.2d 887, 895 (Alaska 1992). In *Pruitt,* the losing party actually filed his appeal within the mandatory thirty-day deadline. The court concluded that he was nevertheless prejudiced when the winning party filed its motion for fees seven months after the judgment and forced him to file motions to supplement the points on appeal and for permission to file supplemental briefing. *Id.* at 895-96. The court held that the motion for attorney's fees was not filed within a reasonable time and that the trial court abused its discretion in awarding fees. *Id.* at 896.

We conclude that Doyle's delay of more than three months

after the judgment before filing her request for attorney's fees was unreasonable. She has not offered any reason to justify this delay, and Davidsohn was prejudiced by the delay since he received no notice that Doyle would seek fees until after the deadline for filing an appeal had passed. Although the parties dispute whether or not Doyle agreed not to seek attorney's fees in return for Davidsohn's forgoing his right to appeal, it is undisputed that on October 20, 1993, Davidsohn's attorney at the very least informed Doyle's attorney that Doyle's decision regarding attorney's fees was important to Davidsohn's decision whether to appeal. Doyle then did not request attorney's fees during the running of the period for filing an appeal. We conclude that it was therefore reasonable for Davidsohn to believe that Doyle had decided not to seek fees and in reliance on that belief not to act on his right to appeal and, conversely, that it was unreasonable for Doyle to delay in this fashion before seeking fees.

Furthermore, we consider it relevant that Doyle did not file a request for attorney's fees until after Judge Foley's death. Judge Foley had already denied an earlier motion by Doyle to award her attorney's fees after she won summary judgment against Davidsohn. Then in his oral ruling at the end of the trial, the judge said nothing about fees or costs and simply directed Doyle's counsel to prepare the order dismissing Davidsohn's complaint. The written judgment signed by Judge Foley specifically assessed costs in the amount of $3,191.70 and said nothing about attorney's fees. Doyle then did not seek attorney's fees for over three months. Given these facts, we consider Doyle's filing her request for fees after Judge Foley's death unreasonable.

We conclude that Doyle was not reasonably diligent in seeking attorney's fees, that her delay was prejudicial to Davidsohn, and that the district court abused its discretion in awarding her fees.

## CONCLUSION

Doyle waited more than three months after entry of judgment before filing her request for attorney's fees. In the meantime, Davidsohn reasonably expected that fees would not be sought and did not file an appeal, the deadline for such a filing passed, and the trial judge, who denied Doyle's earlier request for fees, died. Given these circumstances, Doyle was not diligent in seeking attorney's fees, Davidsohn was prejudiced by the delay, and the district court abused its discretion in awarding fees.

We therefore reverse the district court's order.[2]

---

[2]THE HONORABLE CLIFF YOUNG, Justice, voluntarily recused himself from participation in the decision of this appeal.