*1381 OPINION

Per Curiam:

The dispute underlying the award of attorney’s fees at issue here involved conflicting claims to furniture and equipment removed from the Board of Trade restaurant.
In July 1989, Walt Collins, Inc. (“WCI”) sold the Board of Trade restaurant, including all fixtures, furniture, and equipment, to Restaurant Development Company (“RDC”) for $225,000.00. WCI had leased the premises on which the restaurant was located from Heitman Real Estate Fund II and Heitman Nevada Management, Inc. (collectively “Heitman”); its rights under this lease were also transferred to RDC. The purchase money was obtained through a loan from Valley Bank of Nevada (“Valley Bank”). Valley Bank secured this loan with an interest in the inventory, equipment, and furniture of the Board of Trade.
WCI remained obliged to pay rent to Heitman should RDC default under the lease. Consequently, RDC placed in escrow an assignment and bill of sale which, in the event RDC defaulted on the performance of its duties under the lease, would transfer to WCI all personal property located within the Board of Trade.
In November 1989, Robert E. Murphy (“Murphy”) became a substitute guarantor on RDC’s note to Valley Bank. In January 1991, Valley Bank transferred its interest in the collateral securing this note to Murphy. In 1990, RDC defaulted on the lease and on its note to Valley Bank. Soon thereafter RDC filed for bankruptcy. Murphy paid Valley Bank approximately $160,000.00 pursuant to his guaranty.
On October 18, 1990, Heitman, through Robert Vohl (“Vohl”), its attorney, notified Murphy’s attorney that Heitman sought to relet the property as soon as possible. He requested that Murphy remove all his personal property from the premises within five days of the time the bankruptcy court authorized the trustee to reject the lease. On November 14, 1990, the bankruptcy court authorized the rejection. On February 1, 1991, Vohl again wrote Murphy’s attorney, informing him that a new tenant had been found and demanding that Murphy remove his personal property from the premises. In this letter, Vohl referred to negotiations in which Heitman had offered to purchase Murphy’s interest in the property for $50,000.00, but Murphy had stated that he would not sell for less than $178,000.00. Vohl stated in this letter *1382 that if Murphy failed to remove the property by February 11, 1991, Heitman would be obliged to remove it at his own expense. This letter was accompanied by an inventory of the personal property which, in Heitman’s view, Murphy owned.
On February 15, 1991, Vohl wrote to both Murphy’s attorney and WCI’s attorney. In this letter, Vohl notes that both WCI and Murphy had made claims to the property. Vohl also notified the two claimants that if they did not remove the property by February 28, 1991, Heitman would remove it and seek reimbursement for its trouble.
On February 28, 1991, Vohl again wrote to Murphy’s attorney, warning him that if he did not remove the property immediately, he risked forfeiting his interest in it. On March 15, 1991, Heitman permitted appellant Walt Collins (“Collins”), acting individually and not on behalf of WCI, to enter the premises and remove the property at issue.
On June 23, 1993, Murphy and RDC (collectively “respondents”) filed a complaint for conversion, breach of contract, and unjust enrichment, naming Collins and Heitman (collectively “appellants”) as defendants. On January 6, 1995, appellants moved for summary judgment. On January 25, 1995, respondents countermoved for partial summary judgment as to the defendants’ liability on the conversion and unjust enrichment claims. On January 27, 1995, respondents made two offers of judgment for $46,000.00, one to Heitman Nevada Management, Inc., and one to Heitman Real Estate Fund II. Respondents contend that they intended this to act as a single offer to settle with both Heitman defendants for $46,000.00 rather than $92,000.00. On March 5, 1995, the court granted partial summary judgment to respondents as to the questions of liability, determining that Murphy’s interest in the property had priority over that of Collins.
The case proceeded to a bench trial. Respondents requested $178,000.00 in damages. Appellants argued that the grant of partial summary judgment had not resolved all the liability issues. Appellants also vigorously contested respondents’ estimation of damages. On June 14, 1995, after a three-day bench trial, the court awarded respondents $2,000.00 in damages. Respondents moved to amend the court’s order on June 30, 1995. On August 31, 1995, the court granted this motion in part, boosting the damage award to $5,125.00. On September 8, 1995, appellants filed the notice of entry of judgment.
On October 16, 1995, respondents moved for an award of attorney’s fees. On December 26, 1995, the court ordered appellants to pay respondents $49,928.50 in attorney’s fees pursuant to *1383 NRS 18.010(2)(a).[1] Appellants filed their notice of appeal of this order on January 24, 1996.

DISCUSSION

Appellants contend that the district court abused its discretion by awarding attorney’s fees to respondents. Appellants argue that this court should adopt certain Arizona case law under which, appellants argue, the award of attorney’s fees would not have been justified. Although we do not adopt the Arizona rule at issue here, we agree that the district court abused its discretion in awarding attorney’s fees to respondents.
It is well settled that an award of attorney’s fees to a prevailing party under NRS 18.010(2)(a) is within the discretion of the district court. Cormier v. Manke, 108 Nev. 316, 317, 830 P.2d 1327, 1328 (1992). Furthermore, unless there is a manifest abuse of discretion, a district court’s award of attorney’s fees will not be set aside. Nelson v. Peckham Plaza Partnerships, 110 Nev. 23, 26, 866 P.2d 1138, 1139-40 (1994). An abuse of discretion is “[a] clear ignoring by the court of [applicable legal principles], without apparent justification.” Hotel Last Frontier v. Frontier Prop., Inc., 79 Nev. 150, 154, 380 P.2d 293, 294 (1963).
Appellants urge this court to adopt the rule enunciated in Associated Indemnity v. Warner, 694 P.2d 1181 (Ariz. 1985). In Associated Indemnity, the Arizona Supreme Court set forth six factors to be considered by the trial court in determining whether to award attorney’s fees under ARS 12-341.01[2], a statute which provides for the discretionary award of attorney’s fees to the prevailing party in contract actions, regardless of the amount of recovery. The district court in this case based its award of attorney’s fees on NRS 18.010(2)(a), which provides for an award of attorney’s fees to a prevailing party who has recovered *1384 less than $20,000.00. Thus, the statutory scheme at issue in Associated Indemnity differs completely from NRS 18.010(2)(a). For this reason, we conclude that the Associated Indemnity factors do not apply to NRS 18.010(2)(a).
Appellants further argue that the award of attorney’s fees caused them unfair prejudice because respondents filed their motion for attorney’s fees after the time had expired for appellants to appeal the original judgment. We agree.
In Davidsohn v. Steffens, 112 Nev. 136, 911 P.2d 855 (1996), this court ruled that a party suffered from unfair prejudice where attorney’s fees were awarded upon a motion the opposing party filed after the time for appeal had expired. Respondents argue that Davidsohn is factually distinguishable from the case here. In Davidsohn, the motion for attorney’s fees was made three months after judgment was entered. In that time, the district judge, who had denied an earlier motion for attorney’s fees, had died and a visiting district judge had awarded the fees. Id. at 140, 911 P.2d at 857. Despite these differences, we conclude that the primary thrust of Davidsohn is that “[appellant] was prejudiced by the delay since he received no notice that [respondent] would seek fees until after the deadline for filing an appeal had passed.” Id. at 140, 911 P.2d at 857.
When a party seeks to appeal a judgment, notice of that appeal must be filed within thirty days of written notice of the judgment’s entry. NRAP 4(a)(1). Here, the notice of entry of judgment was filed on September 8, 1995. Respondents filed their motion for attorney’s fees on October 16, 1995, thirty-eight days later. Thus, by the time respondents filed their motion for attorney’s fees, appellants could no longer appeal from the original judgment, even allowing time for service by mail of the notice of entry of judgment.
Respondents obtained a judgment for $5,125.00. Appellants could well have anticipated that it would cost more than this to pursue even a meritorious appeal. However, appellants would have had a much greater incentive to pursue an appeal had they known that this judgment could be relied upon to support an attorney’s fees award of nearly $50,000.00. Therefore, we conclude that appellants were unfairly prejudiced by respondents’ failure to file their motion for attorney’s fees until after the deadline for an appeal had passed.
Appellants further urge the court to sanction respondents for stating, without citing to the record, that Heitman is a “huge real estate holding company,” and Collins is a “highly successful businessman.”
*1385 NRAP 28(a)(3) requires parties to provide citations to the record to support statements of fact. NRAP 28A provides that this court may sanction a party for failure to comply with Rule 28. In Smith v. Emery, 109 Nev. 737, 856 P.2d 1386 (1993), this court sanctioned a party with a $1,000.00 penalty for failing to provide “even a single citation to the record on appeal.” Id. at 743, 856 P.2d at 1390. Here, respondents failed to support only two factual assertions with cites to the record. Therefore, we conclude that sanctions are not justified here.
Because respondents filed their motion to recover attorney’s fees after appellants’ time to appeal the original judgment had passed, we vacate the order awarding attorney’s fees to respondents.

 NRS 18.010(2) provides:
2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney’s fees to a prevailing party:
(a) When he has not recovered more than $20,000; or
(b) Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim, or third-party complaint or defense of the opposing party was brought without reasonable ground or to harass the prevailing party.

 ARS 12-341.01 reads in relevant part:
A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney’s fees.