An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON P. NORRIS,
Appellant,
vs.
MICHELLE M. NORRIS,
Respondent.

No. 63753

FILED

MAY 20 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a post-divorce decree district court order awarding fees and costs and denying a motion to strike. Second Judicial District Court, Family Court Division, Washoe County; Linda M. Gardner, Judge.

Appellant first argues that respondent's memorandum request for attorney fees and costs was untimely under NRCP 54(d)(2) and therefore the district court abused its discretion when it awarded respondent $7,000 in fees and costs. NRCP 54(d)(2) provides that a claim for attorney fees must be made by motion filed not later than 20 days after the notice of entry of judgment is served. The motion must state the basis for the award and the amount sought, and be supported by an affidavit addressing the amount and reasonableness of the fees. NRCP 54(d)(2)(B). We review the district court's award of attorney fees for an abuse of discretion. *Foster v. Dingwall* 126 Nev. 56, 72, 227 P.3d 1042, 1052 (2010). Respondent made three requests for fees by motion before the district court's hearing on the custody modification, and the district court indicated that in its order after hearing it would grant fees under the

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15438

parties' marital settlement agreement (MSA).[1] Because respondent had already requested fees by motion and the district court had granted this request, and the MSA provided for automatic fee-shifting in favor of the prevailing party, the district court did not abuse its discretion when it awarded respondent fees even though respondent's memorandum of fees was filed more than 20 days after the judgment. When the district court indicated in its order that respondent was the prevailing party and directed her to file an affidavit supporting fees, the remaining attorney fee issue was not whether the court would award fees under the parties' MSA, but rather, the amount and reasonableness of respondent's fees. *See Miller v. Wilfong*, 121 Nev. 619, 623-24, 119 P.3d 727, 730 (2005) (providing that in family law cases, parties seeking fees must support the request with affidavits addressing the reasonableness of the fees). Thus, appellant was on notice that fees would be awarded to respondent, and under these circumstances, the district court did not abuse its discretion when it awarded fees to respondent. *Cf. Collins v. Murphy*, 113 Nev. 1380, 1384, 951 P.2d 598, 600-01 (1997) (holding that a non-prevailing party is prejudiced when they receive no notice that the prevailing party intends to seek fees until after the deadline for filing an appeal has passed); *In the Matter of Amendments to the Nevada Rules of Civil Procedure*, ADKT No. 426 (Order Amending Nevada Rule of Civil Procedure 54, July 8, 2008) (explaining that NRCP 54(d)(2) codifies the holding in *Collins*).

Appellant also challenges the amount of fees awarded, arguing that respondent's attorney submitted fraudulent documents and that the

---

[1]The MSA provides that "should litigation be required to enforce or interpret [the MSA] . . . the prevailing party will be reimbursed reasonable attorney's fees and costs."

attorney's rate was unreasonable. In evaluating the reasonableness of a request for attorney fees, the district court must consider the factors set forth by this court in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349-50, 455 P.2d 31, 33 (1969). *Miller*, 121 Nev. at 623-24, 119 P.3d at 730; *see Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 864-65, 124 P.3d 530, 549 (2005). In determining the award, the district court considered the qualities of the advocate, the character of the work done, the work performed, and the results obtained for the client, and thus considered the appropriate factors. *See Brunzell*, 85 Nev. at 349-50, 455 P.2d at 33. Appellant has not demonstrated that the district court abused its discretion in considering these factors or that respondent's counsel filed fraudulent documents, and therefore we uphold the district court's determination of reasonable fees and costs.

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                                Cherry

---

[2]We conclude that appellant's remaining arguments lack merit. In particular, appellant's request for a change of district court judge is not properly before this court as it was not raised in the proceedings below. *See* NRS 1.235(1) (requiring a party seeking disqualification of a district court judge to file an affidavit detailing the facts demonstrating that the disqualification is necessary); *Brown v. Fed. Sav. & Loan Ins. Corp.*, 105 Nev. 409, 412, 777 P.2d 361, 363 (1989) (explaining that a party waives the issue of disqualification on appeal if that party does not properly request disqualification below).

cc: Second Judicial District Court, Family Court Division, Dept. 14
Jason P. Norris
Silverman, Decaria & Kattelman, Chtd.
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A