An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FINDLAY MANAGEMENT GROUP, A NEVADA CORPORATION; LAS VEGAS AUTO LEASING, A NEVADA CORPORATION; AND SATURN OF WEST SAHARA, A NEVADA CORPORATION,
Appellants/Cross-Respondents,
vs.
CHRISTOPHER JENKINS,
Respondent/Cross-Appellant.

No. 60920

FILED

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court judgment entered pursuant to a jury verdict and a cross-appeal from a district court order denying a motion for attorney fees. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Respondent/cross-appellant Christopher Jenkins was employed as a car salesman by appellant/cross-respondent Saturn of West Sahara (Saturn). Saturn and appellant/cross-respondent Las Vegas Auto Leasing (LVAL) are owned by appellant/cross-respondent Findlay Management Group. Jenkins sued Saturn, LVAL, and Findlay for negligence, breach of contract, breach of the covenant of good faith and fair dealing, fraud, civil conspiracy, and negligent misrepresentation related to Saturn's sale of, and later repossession of, a car to Jenkins. The case proceeded to a three-day jury trial, and the jury returned a verdict awarding Jenkins nothing for negligence, $1,000 for breach of contract, $9,000 for breach of the covenant of good faith and fair dealing, $40,000

SUPREME COURT
OF
NEVADA

(O) 1947A

15-29247

for fraud, and $250,000 for civil conspiracy. The district court entered its judgment on the jury's verdict. Findlay appealed the district court's order, alleging that there was insufficient evidence to support the jury's verdict on the issues of civil conspiracy and fraud. Jenkins cross-appealed, alleging that the district court abused its discretion by refusing to award attorney fees and special damages.

*There was insufficient evidence to support the jury's verdict on the civil conspiracy claim*

"When the sufficiency of evidence is challenged on appeal, this court determines whether, after viewing all inferences in favor of the prevailing party, substantial evidence supports the jury's verdict." *J.J. Indus., LLC v. Bennett*, 119 Nev. 269, 273, 71 P.3d 1264, 1267 (2003). A cause of action for "civil conspiracy arises where two or more persons undertake some concerted action with the intent to accomplish an unlawful objective for the purpose of harming another, and damage results." *Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 130 Nev., Adv. Op. 78, 335 P.3d 190, 198 (2014) (internal quotations omitted). "Thus, a plaintiff must provide evidence of an explicit or tacit agreement between the alleged conspirators" for the purpose of harming the plaintiff. *Id.*

The evidence submitted in this case, when viewed with all inferences in favor of Jenkins, does not support a finding that LVAL had intent to harm Jenkins. Therefore, there was insufficient evidence to support the jury's verdict of civil conspiracy.[1]

---

[1]Because there is insufficient evidence to support the jury's verdict on the civil conspiracy claim, we do not reach the issue of whether the jury's award of damages for that claim was duplicative or excessive as a matter of law.

*There was sufficient evidence to support the jury's verdict on the fraud claim*

To prove fraud by inducement, a plaintiff "must prove by clear and convincing evidence each of the following elements": (1) a false representation made by a party, (2) knowledge or belief by the party that the representation was false, or knowledge that it had an insufficient basis for making the representation, (3) intent to induce another party to consent to the contract's formation, (4) the other party justifiably relied upon the misrepresentation, and (5) damage to the other party resulted. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 290, 89 P.3d 1009, 1018 (2004).

The evidence submitted in this case, when viewed with all inferences in favor of Jenkins, supports a finding that the elements of fraud were met. Therefore, there was sufficient evidence to support the jury's verdict of fraud.

*The district court abused its discretion by refusing to award attorney fees without stating a basis for its denial*

"The decision to award attorney fees is within the sound discretion of the district court and will not be overturned absent a manifest abuse of discretion." *Kahn v. Morse & Mowbray*, 121 Nev. 464, 479, 117 P.3d 227, 238 (2005) (internal quotations omitted). However, it "constitutes an abuse of discretion for a court to give no reason for its refusal to award fees." *Pandelis Constr. Co. v. Jones-Viking Assocs.*, 103 Nev. 129, 132, 734 P.2d 1236, 1238 (1987).

Here, the district court abused its discretion by denying Findlay's motion for attorney fees without stating a basis for its denial. Therefore, we remand this case to the district court with directions to either award attorney fees or state its reasons for refusing to do so.

*The district court did not abuse its discretion by refusing to award special damages under NRS 41.1395*

NRS 41.1395 authorizes a vulnerable person who suffers a personal injury or a loss of money or property caused by exploitation to recover double damages and, under certain circumstances, attorney fees and costs. NRS 41.1395(1), (2). Special damages must be specifically pleaded. NRCP 9(g); *Horgan v. Felton*, 123 Nev. 577, 586 n.26, 170 P.3d 982, 988 n.26 (2007).

Here, Jenkins did not specifically plead double damages and attorney fees under NRS 41.1395 in his complaint. Therefore, the district court properly refused to award them.

*Conclusion*

There was insufficient evidence submitted in this case to support the jury's verdict of civil conspiracy. Furthermore, the district court abused its discretion by refusing to award attorney fees without stating a basis for its denial. We therefore

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. David B. Barker, District Judge
Pico Rosenberger
The Wasielewski Law Firm, Ltd.
Eighth District Court Clerk