# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWIN GRIFFITH,
Appellant,
vs.
GABRIELA GONZALES-ALPIZAR,
Respondent.

No. 66954

FILED

JUN 2 2 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from district court orders concerning child support and attorney fees. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

This court remanded this matter to determine if an exception to the doctrine of comity applied regarding the enforcement of a Costa Rican child support order, specifically whether the Costa Rican order was obtained by fraud or was against public policy. After a hearing, the district court concluded that the order was entitled to comity to the extent that it ordered child support for the parties' minor child, and reduced to judgment child support arrearages based on the child support ordered by the Costa Rican court for that child. Additionally, on remand, appellant requested attorney fees under the parties' premarital agreement, which was denied, and respondent requested attorney fees related to the enforcement of the child support order, which was granted.

*Enforcement of the Costa Rican child support order*

18-24030

First, appellant argues that the district court erred in applying the doctrine of comity and enforcing the Costa Rican child support order because the court improperly relied on the best-interest-of-the-child standard, misapplied the fraud standard, and erroneously concluded that the order did not violate public policy.[1] We disagree. While the district court referenced the child's best interests at the hearing, its written order does not rely on considerations of the child's best interest.

Additionally, the district court did not abuse its discretion in concluding that portions of the Costa Rican child support order were enforceable under the doctrine of comity because there was inadequate evidence of fraud as grounds for not recognizing the foreign judgment. *See* Restatement (Third) of Foreign Relations Law of the United States § 482(2)(c) (1987) (providing that whether to recognize a foreign judgment obtained by fraud is discretionary with the court); *id.* at cmt. a (observing a distinction between grounds for mandatory and discretionary recognition of a foreign judgment, and stating that the decision to deny recognition to a foreign judgment procured through fraud is discretionary). Substantial evidence supports the district court's finding that the $10,000 per month income represented by respondent to the Costa Rican court was consistent

---

[1]To the extent respondent argues that appellant has waived this argument by stipulating to the enforcement of the Costa Rican child support order, we disagree. Appellant merely agreed that he should pay child support and equivocally acquiesced that the amount ordered in the Costa Rican child support order may be appropriate, but he consistently maintained his objection to the Costa Rican support order, arguing that it was unenforceable because it was based on fraud and misrepresentations by respondent and failed to address visitation and other issues. Because there was no stipulated settlement, appellant did not waive this argument on appeal and NRAP 38(b) sanctions are unwarranted.

with evidence of appellant's average income for 2003 to 2008. Although he argues that respondent misrepresented his income and assets, appellant does not dispute the average income that the district court determined from his tax returns. *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that a district court's factual findings will be upheld if they are supported by substantial evidence). To the extent appellant's income has changed since the Costa Rican child support order was entered, that is not evidence of fraud but potential grounds for a motion to modify the support order in Costa Rica.

Further, the district court did not abuse its discretion in according comity to the Costa Rican child support order because the order does not offend the public policy of Nevada. *See* Restatement (Third) of Foreign Relations Law § 482(2)(d) (observing that a court need not recognize a foreign judgment that is repugnant to the public policy of the state where recognition is sought). Appellant's child support obligation under the Costa Rican order is below the amount a parent earning full-time minimum wage would have to pay in Nevada, which in light of evidence of appellant's income at the time the order was entered, demonstrates that the support amount is not so high as to be repugnant to the child support laws of Nevada. Further, while there are differences between applicable child support requirements and provisions in Costa Rica and Nevada, those differences do not offend Nevada's public policy. *Id.* at § 482 cmt. f; *see* § 482 reporter's note 1 (providing that "the fact that a particular cause of action does not exist or has been abolished in the state where recognition or enforcement is sought . . . does not necessarily make enforcement of a judgment based on such an action contrary to the public policy" of the enforcing jurisdiction and acknowledging that "few judgments fall in the

category of judgments that need not be recognized because they violate the public policy of the forum"). Accordingly, we conclude that the district court properly applied comity in determining that the Costa Rican child support order is enforceable as to the one minor child.[2]

*Appellant's attorney fees request*

Next, we conclude that the district court acted within its discretion in denying appellant's request for attorney fees under the premarital agreement on the basis that the request was untimely. *Miller v. Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005) (providing that this court reviews the district court's decision regarding attorney fees for an abuse of discretion). Nothing in the record indicates that appellant put respondent on notice that he may ask for attorney fees as the prevailing party under the premarital agreement, and instead, he waited to seek attorney fees until this court had reversed in part and remanded this matter to address a specific issue. *See, e.g., Davidsohn v. Steffens*, 112 Nev. 136, 139-40, 911 P.2d 855, 857 (1996) (noting that a three-month delay after entry of a judgment to request attorney fees is unreasonable). Thus, we affirm the district court's denial of appellant's request for attorney fees as untimely.

*Award of attorney fees to respondent*

Lastly, we conclude that respondent is entitled to attorney fees incurred in seeking enforcement of the child support order, NRS 125B.140(2)(c), and the district court did not abuse its discretion in determining a reasonable amount for that award. *Miller*, 121 Nev. at 622,

---

[2]Neither party challenges the district court's determination that comity does not extend to the Costa Rican child support order as to the other child, and thus, that portion of the support order is unenforceable.

119 P.3d at 729. The district court considered respondent's affidavit and client ledger and the *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969), factors in determining a reasonable award. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Egan K. Walker, District Judge
Edwin Griffith
Richard F. Cornell
Washoe District Court Clerk