# IN THE SUPREME COURT OF THE STATE OF NEVADA

TIM WILSON, P.E., NEVADA STATE ENGINEER, DIVISION OF WATER RESOURCES, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES,
Appellant,
vs.
RODNEY ST. CLAIR,
Respondent.

No. 77651



FILED

MAR 27 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL*

This is an appeal from a postjudgment district court order awarding attorney fees in a water rights action. Sixth Judicial District Court, Humboldt County; Steven R. Kosach, Senior Judge.

The underlying action concerned respondent Rodney St. Clair's application requesting a temporary change of place of diversion. After the State Engineer denied St. Clair's application, St. Clair petitioned the district court for judicial review pursuant to NRS 533.450, which the district court granted and overruled the State Engineer's decision. The State Engineer appealed the district court's order to this court, and we affirmed. *See King v. St. Clair*, 134 Nev. 137, 414 P.3d 314 (2018). Following issuance of remittitur, St. Clair sought attorney fees under NRS 18.010(2)(b), arguing that the State Engineer maintained claims without reasonable grounds throughout the litigation. The district court granted St. Clair's motion and awarded St. Clair $50,025 in attorney fees.

The State Engineer appeals, arguing that the district court erred in awarding attorney fees because St. Clair's motion for attorney fees

was untimely under NRCP 54(d)(2)(B) (2009).[1] "Although the award of attorney fees is generally entrusted to the sound discretion of the district court, when a party's eligibility for a fee award is a matter of statutory interpretation, as is the case here, a question of law is presented, which we review de novo." *In re Estate & Living Tr. of Miller*, 125 Nev. 550, 552-53, 216 P.3d 239, 241 (2009) (citation omitted). According to St. Clair, NRCP 54(d)'s timing requirements do not apply to attorney fees motions brought pursuant to NRS 18.010(2)(b). We disagree.

In 2018, we codified our holding in *Collins v. Murphy*, 113 Nev. 1380, 1383-84, 951 P.2d 598, 600-01 (1997), by amending NRCP 54 to include the provision at issue here—NRCP 54(d)(2). *See In re Amendments to the Nev. Rules of Civil Procedure*, ADKT 426 (Order Amending Nevada Rule of Civil Procedure 54, July 8, 2008). In our order amending NRCP 54, we stated:

> WHEREAS, this court held in <u>Collins v. Murphy</u> that a motion for attorney fees based on the entry of a final judgment must be filed before the time to file a notice of appeal expired, and
>
> WHEREAS, it appears that codification of this court's holding in <u>Collins</u> in the form of a rule will result in broader awareness of the timing

---

[1]In December 2018, this court amended the Nevada Rules of Civil Procedure—effective prospectively on March 1, 2019. *In re Creating of a Comm. to Update & Revise the Nev. Rules of Civil Procedure*, ADKT 0522 (Order Amending the Rules of Civil Procedures, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018). Because this case predates the applicability of the amendments to the NRCP, we cite to the prior version of NRCP 54 effective at the time of this action.

requirement for attorney fees motions, as well as
more uniform application of the requirement . . . .

*Id.* (footnote omitted).[2] As amended, NRCP 54(d)(2)(B) stated that "[u]nless a statute provides otherwise, the motion [for attorney fees] must be filed no later than 20 days after notice of entry of judgment is served . . . . The time for filing the motion may not be extended by the court after it has expired."

We conclude that NRCP 54(d)(2) applied to a motion for attorney fees brought under NRS 18.010(2)(b)—we stated as much in our order amending NRCP 54. Because NRS 18.010(2)(b) is silent as to timing, NRCP 54(d)'s timing framework applied to St. Clair's motion. The district court entered its order overruling the State Engineer's decision on April 22, 2016, and St. Clair served the notice of entry of the same on April 27, 2016. St. Clair did not file his motion for attorney fees until July 2, 2018. Because NRCP 54(d)(2)(A) provided that "[t]he district court may decide the motion despite the existence of a pending appeal from the underlying final judgment," and because NRCP 54(d)(2)(B) explicitly prohibited the district court from extending the time for filing the motion, we hold that St. Clair's motion for attorney fees was untimely. Accordingly, we

---

[2]Several months later, this court entered a subsequent order vacating its July 2008 order because the original effective date was in conflict with NRS 2.120(2). *In re Amendments to the Nev. Rules of Civil Procedure*, ADKT 426 (Order Amending Nevada Rule of Civil Procedure 54, Feb. 6, 2009). The sole purpose of this order was to change the effective date; no substantive changes were made.

ORDER the judgment of the district court REVERSED.[3]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Chief Judge, Sixth Judicial District Court
Hon. Steven R. Kosach, Senior Judge
Attorney General/Carson City
Taggart & Taggart, Ltd.
Humboldt County Clerk

---

[3]Insofar as the parties raise arguments not specifically addressed in this order, we have considered them and conclude that they are either without merit or need not be reached given our disposition in this appeal.